R. L. AUTREY and A. L. Goad, Individually and dba Autrey and Goad Construction Company, and Guaranty Bank and Trust Company (Intervening Plaintiff)

v.

WILLIAMS AND DUNLAP, Partnership Composed of H. E. Williams, Jr. and B. P. Dunlap, St. Paul Fire and Marine Insurance Company, and England AFB Housing, Inc.; added defendant: Aetna Insurance Company, United States of America, Intervenor.

H. E. LUTHER

v.

WILLIAMS & DUNLAP, a Partnership Composed of H. E. Williams, Jr. and B. P. Dunlap, St. Paul Fire & Marine Insurance Company, and England AFB Housing, Inc.

UNITED STATES of America ex rel. C. L. CONNER and Joe A. Brownfield, dba C. L. Conner and Joe A. Brownfield, a joint venture,

v.

WILLIAMS AND DUNLAP CONSTRUCTION COMPANY, Inc., and St. Paul Fire and Marine Insurance Company, and (by amended complaint) England AFB Housing, Inc., and Williams & Dunlap, a Partnership Composed of H. E. Williams, Jr. and B. P. Dunlap.

Civ. A. Nos. 7228, 7233, 7235.

United States District Court
W. D. Louisiana,
Alexandria Division.

July 14, 1960.

Gist, Murchison & Gist, Alexandria, La., John B. McNamara, Waco, Tex., for plaintiffs.

Stafford & Pitts, Gravel, Humphries, Sheffield & Fuhrer, Alexandria, La., for defendants.

William Ray Bradford, Provosty, Sadler & Scott of Alexandria, La., for intervenors.

HUNTER, District Judge.

Various and sundry motions have already been disposed of. There remains for disposition only the motions of St. Paul and Williams & Dunlap to dismiss. These motions are pegged on the proposition that this Court does not have jurisdiction because the Miller Act is not applicable.

We believe that the Miller Act is applicable, and that this Court does have jurisdiction. The Miller Act (40 U.S.C. A. §§ 270a and 270b) provides for performance bonds "satisfactory to the officer awarding such contract" to be furnished by the contractor for the construction of "any public building or public work of the United States" exceeding $2,000.

The Housing Act (Title 42, Section 1594, U.S.C.A.) referred to and relied upon by counsel for St. Paul provides for the Secretary of Defense to contract for the construction of housing for military personnel, and that such contractor furnish a performance bond *"satisfactory to the Secretary of Defense"*, and such bond "shall be deemed a sufficient compliance with * * * Section 270a of Title 40 and no additional bond shall be required under such section."

We agree with plaintiffs that the Miller Act and the Housing Act are harmonious, and that the congressional intent was and is that only one bond be required where construction of a public building is contracted. Section 1594 of Title 42 merely makes mandatory the requirement that the bond be satisfactory to the Secretary of Defense in those instances where the contract involves the construction of housing for military personnel.

Counsel have cited no cases on point, and the Court has found none, but believes that Title 40, Section 270b is applicable, and we will retain jurisdiction. The motions to dismiss should be denied. They are.