Morris W. LASLEY, doing business as Lasley Construction Company, et al., Appellants,

v.

UNITED STATES of America, for the Use of C. C. WESTERMAN, Appellee.

No. 18544.

United States Court of Appeals Fifth Circuit.

Dec. 23, 1960.

Rehearing Denied Jan. 31, 1961.

Frank H. Hunter, El Paso, Tex., Edwards, Belk, Hunter & Kerr, El Paso, Tex., for appellants.

William C. Collins, Collins, Langford & Pine, El Paso, Tex., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

TUTTLE, Chief Judge.

Appellee instituted this action under the provisions of the Miller Act, 40 U.S. C.A. §§ 270a–270d. His petition alleged that certain sums were due him as a subcontractor on a Capehart Housing Project located at Fort Bliss, Texas.

Appellants, defendants below, moved the district court to dismiss the suit on the ground that the court was without jurisdiction to hear the case. The court held that jurisdiction was conferred upon it by the Miller Act, and accordingly overruled the motion. The case was submitted to the jury upon special interrogatories and judgment was entered against appellants in the sum of $15,237.-66. From that judgment this appeal is taken; we find that the only substantial question raised by appellants before this Court relates to the jurisdiction of the district court to entertain this suit.

Performance and payment bonds are required by the Miller Act "Before any contract, exceeding $2,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person". 40 U.S.C.A. § 270a. That statute further provides:

"Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit * * *." 40 U.S.C.A. § 270b(b).

Similar bonds are required under the Capehart Act, which provides for the construction of housing facilities for military personnel. So far as construction contracts are concerned, that statute, in part, provides:

"* * * Any such contract shall provide for the furnishing by the contractor of a performance bond and a payment bond with a surety or sureties satisfactory to the Secretary of Defense, or his designee, and *the furnishing of such bonds shall be deemed a sufficient compliance with the provisions of section 270a of Title 40, and no additional bonds shall be required under such section.* * * *." 42 U.S.C.A. § 1594(a), (Emphasis supplied).

The gist of appellants' argument is that since the bonds in controversy were not executed pursuant to the Miller Act and since a similar jurisdictional provision is not contained in the Capehart Act, the district court did not have jurisdiction to hear the case, and, accordingly, appellants' motion to dismiss should not have been overruled, and, further, that no diversity jurisdiction could be had by the court since the essential parties to the suit were both citizens of New Mexico.

■ Appellants' argument is plausible, but we are not persuaded by it. We think it clear that Congress considered that but for the provisions of the Capehart Act, quoted above, a contractor would be required to supply a builder with a Miller Act bond before entering upon a Capehart construction job, because such a project falls within the language "construction * * * of any public building or public work of the United States;" that the purpose of the bonding provisions in the Capehart Act was merely to substitute it for the bond described in 40 U.S.C.A. § 270b(b), quoted above, and that the remainder of the provisions of the Miller Act would apply to the Capehart bond just as they do to a Miller Act bond. This would, of course, include the provisions conferring jurisdiction on the district courts of the United States.

■ However, even assuming, arguendo, that this is not true, we find that the district court nevertheless had jurisdiction to entertain this suit under the concurrent jurisdiction conferred upon it by 28 U.S.C.A. § 1352.[1] For this reason, there is no merit in the arguments put forth by appellants.

We consider the other points which appellants seek to raise before this Court to be without foundation, and the judgment of the district court should be and accordingly is

Affirmed.

[1] "The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States."