UNITED STATES of America for the Use and Benefit of the ROBERTSON LUMBER COMPANY, a corporation, Plaintiff,

v.

PROGRESSIVE CONTRACTORS, INC., a corporation, and Continental Casualty Company, a corporation, Defendants.

UNITED STATES of America for the Use and Benefit of the ROBERTSON LUMBER COMPANY, a corporation, Plaintiff,

v.

WILSHIRE CONTRACTORS, INC., a corporation, and Continental Casualty Company, a corporation, Defendants.

Civ. Nos. 3855, 3856.

United States District Court
D. North Dakota,
Northeastern Division.

May 24, 1961.

John G. Shaft (of Shaft, Benson & Shaft), Grand Forks, N. D., for use plaintiff, Robertson Lumber Co., a corporation.

James L. Lamb (of Degnan, Hager, McElroy & Lamb), Grand Forks, N. D., for defendant, Continental Cas. Co.

RONALD N. DAVIES, District Judge.

Determination of the legal question involved in the above-entitled actions was submitted to the Court upon briefs after pre-trial conference, all pertinent facts having been stipulated.

Progressive Contractors, Inc., and Wilshire Contractors, Inc., entered into contracts with the United States by and through the Department of the Air Force for construction of housing units at the Grand Forks Air Base. In connection with these contracts Continental Casualty Company as surety executed and delivered payment bonds as required by 42 U.S.C.A. § 1594(a) which in part provides:

"* * * Any such contract shall provide for the furnishing by the contractor of a performance bond and a payment bond with a surety or sureties satisfactory to the Secretary of Defense, or his designee, and *the furnishing of such bonds shall be deemed a sufficient compliance with the provisions of section 270a of Title 40,* and no additional bonds

shall be required under such section. * * *" (Italics added.)

The bond itself provided notice requirements as follows:

"4. No suit or action shall be commenced hereunder by any claimant,

"(a) Unless claimant shall have given written notice to any two of the following: The Principal, any one of the Obligees, or the Sureties above named, * * *."

The plaintiff entered into contracts with Progressive Contractors, Inc., and Wilshire Contractors, Inc., in which plaintiff agreed to, and did furnish certain materials required under the prime contracts; the prime contractors failed to pay the full amounts due under the subcontracts, and plaintiff commenced these actions to recover under the payment bonds. It was stipulated and agreed between counsel for the parties that the plaintiff in each of the above-entitled cases proceeded under the Miller Act and that notice requirements of said Act have been complied with, but that notice requirements of the payment bonds have not been met.

The question presented is whether the plaintiffs have a right to maintain actions for recovery upon the bonds. Counsel have cited no cases directly in point, and the Court has found none.

The Court has jurisdiction under 40 U.S.C.A. §§ 270a–270e. Lasley v. United States, 5 Cir., 285 F.2d 98; United States to Use of Acme Furnace Fitting Co. v. Ft. George G. Meade, etc., D.C., 186 F.Supp. 639; R. L. Autrey v. Williams, and Dunlap, D.C., 185 F.Supp. 802.

An examination of these cases persuades the Court that for plaintiffs to have a right to sue on the payment bonds it was necessary only to comply with the provisions of 40 U.S.C.A. §§ 270a–270d, and having done so, plaintiff in each of the above-entitled cases is entitled to maintain its action.