**NORTHWEST LUMBER SALES, INC., a Corporation, Plaintiff,**

**v.**

**S. S. SILBERBLATT, INC., a corporation, and Travelers Indemnity Company, a Corporation, Defendants.**

**No. 62 C 205(2).**

United States District Court
E. D. Missouri, E. D.

Nov. 30, 1962.

C. M. Kirkham, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, Mo., for plaintiff.

Francis L. Kenney, Jr., Kenney & Flint, St. Louis, Mo., for defendants.

MEREDITH, District Judge.

This is an action brought on performance and payment bonds executed in compliance with Title 42 U.S.C.A. § 1594(a), otherwise known as the Capehart Act. It was commenced in the Circuit Court for the City of St. Louis, Mis-

souri. We have previously ruled that jurisdiction was present under 28 U.S.C.A. § 1352, and that the claim was properly removed to this Court. The matter is now pending on defendant's Motion to Dismiss for improper venue on the theory that the venue provisions of the Miller Act, 40 U.S.C.A. § 270b, apply to the provisions of 42 U.S.C.A. § 1594(a). In view of the 8th Circuit Court of Appeals decision in Continental Casualty Co. v. United States for the Use and Benefit of Robertson Lumber Co., 305 F.2d 794 (1962), holding that the procedural provisions of the Miller Act are not applicable to bonds executed under the Capehart Act, the Court is of the opinion that the venue provisions of the Miller Act do not apply.

It thus appears that venue is properly laid in the United States District Court for the Eastern District of Missouri unless the Court is bound by the bonds themselves, which provide that:

"No suit or action shall be commenced hereunder by any claimant * * *

"4(c) Other than in a state court of competent jurisdiction in and for the county or other principal subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated and not elsewhere."

The project on which the bonds were given is located in Fort Leonard Wood, Missouri, in the Western District of Missouri, United States District Court.

 We are of the opinion that the Court is not bound by the provisions in the bonds regarding venue.

Northwest Lumber Sales, Inc., is a corporation organized and existing under the laws of the State of Washington where it has its principal place of business. Defendant S. S. Silberblatt, Inc., a corporation organized under the laws of New York with its principal place of business in New York, is doing business in the State of Missouri. Its registered agent is located in St. Louis, Missouri. Defendant Travelers Indemnity Company, a corporation organized under the laws of Connecticut and having its principal place of business in that state, is licensed and engaged in the insurance business in Missouri and maintains an office in the City of St. Louis, Missouri.

Venue was proper by §§ 508.010, 508.-040 R.S.Mo.1949, V.A.M.S., when originally brought in the Circuit Court of the City of St. Louis, Missouri. It was properly removed to this Court. Had this been an original action, venue would have been proper under 28 U.S.C.A. § 1391 (b), (c). Defendants' Motion to Dismiss will be overruled.