**UNITED STATES of America, for the Use and Benefit of J. W. FOGLE, individually and doing business under the name and style of Jiffy Trencher Parts, Plaintiff,**

v.

**HAL B. HAYES & ASSOCIATES, INC., a corporation, Beale AFB Housing No. 5, Inc., a corporation, Beale AFB Housing No. 6, Inc., a corporation, Beale AFB Housing No. 7, Inc., a corporation, Wurtsmith Construction Company, a corporation, Wurtsmith & Brand Joint Control and Continental Casualty Company, a corporation, Defendants.**

Civ. No. 8282.

United States District Court
N. D. California, N. D.

July 9, 1963.

HALBERT, District Judge.

Two basic issues are raised in this action under the Capehart Act [Title 42 U.S.C. § 1594 et seq.]. First, are the requirements as to notice of default under a Capehart Act bond the same as the notice requirements under the Miller Act [Title 40 U.S.C. § 270b(a)]? Second, assuming that the Capehart Act notice requirements are not the same as the Miller Act requirements, is defendant, under the particular facts of this action, estopped to rely upon the notice requirements set forth in its Capehart Act bond?

### Notice Requirements

The interrelationship between the provisions of the Capehart Act and the Miller Act is, at best, sketchy. In a prior memorandum and order in this action, Judge Thomas J. MacBride, of this Court, ruled that a cause of action under the Capehart Act is properly set forth by use of the jurisdictional provisions of the Miller Act [Title 40 U.S.C. § 270b (b)]. Similar holdings on that point are to be found in Lasley v. United States for Use of Westerman, 5 Cir., 285 F.2d 98; United States to Use of Acme Furnace Fitting Co. v. Fort George G. Meade Defense Housing Corp. No. 1, D.C., 186 F.Supp. 639; and Autrey & Goad Const. Co. v. Williams & Dunlap, D.C., 185 F. Supp. 802. Judge MacBride specifically left open the question of whether any provisions of the Miller Act other than those jurisdictional provisions apply to Capehart Act bonds or actions.

In the present action, plaintiff has alleged, and defendant Continental Casualty Company has not denied (Defendant Hayes & Associates has defaulted.), that plaintiff was in a direct contractual relationship with defendant Hayes & Associates, the prime contractor on a Beale AFB job. Thus, if the Miller Act provisions are applicable to the present situation, compliance with the ninety day notice requirement set forth in § 270b(a) was unnecessary, as long as the present action was commenced within one year of the date of final settlement of the prime contract. The evidence is sufficient to

DiGiorgio & Davis, Bakersfield, Cal., for plaintiff.

Rich, Fuidge, Dawson & Marsh, Marysville, Cal., for defendant Continental Cas. Co.

establish that work on the prime contract was still being performed in June of 1960, and that the date of plaintiff's last shipment to Beale AFB was May 23, 1960. The instant action was filed on May 5, 1961. It thus is apparent that, if the notice requirements of the Miller Act are all that plaintiff was required to comply with, plaintiff is entitled to judgment.[1]

The Capehart Act itself contains no provisions specifically dealing with notice requirements. Section 1594 of Title 42 U.S.C. provides, in part, that contracts under the Capehart Act,

" * * * shall provide for the furnishing by the contractor of a performance bond and a payment bond with a surety or sureties satisfactory to the Secretary of Defense, or his designee, and the furnishing of such bonds shall be deemed a sufficient compliance with the provisions of section 270a of Title 40, and no additional bonds shall be required under such section."

Consequently, the only notice requirements to be found with reference to Capehart Act bonds are those contained within the provisions of each individual bond. The bond in the present case provides, in pertinent part, that no suit or action shall be commenced under said bond unless the claimant,

" * * * shall have given written notice to any two of the following: The Principal, any one of the Obligees, or the Surety above named * * * "

The evidence is clear that plaintiff failed to comply with these requirements. The question is thus whether these requirements can be enforced in derogation of the provisions of the Miller Act.

The holdings or language of the appellate courts in three different circuits appear to have established three different tests to be applied to the instant question. The Court of Appeals for the Tenth Circuit has specifically held, by a two-to-

one decision, that a subcontractor is not entitled to sue on a contractor's bond where his notice did not comply with the bond requirements, under the Capehart Act, even though the notice did satisfy the requirements of the Miller Act (United States for Use and Benefit of Miles Lumber Company v. Harrison and Grimshaw Construction Company, 10 Cir., 305 F.2d 363). The rationale of that opinion rested upon the determination that a project under the Capehart Act is built by a private entity, with private funds, at private risk, and is encumbered by a mortgage given by a private mortgagor to a private mortgagee, even though title to the project eventually vests in the United States. The Court thus held that such a project is not a "public work" within the meaning of that term in the Miller Act (But cf. United States to Use of Noland Co. v. Irwin, 316 U.S. 23, 62 S.Ct. 899, 86 L.Ed. 1241; and United States for Use of Gamerston & Green Lumber Co. v. Phoenix Assur. Co. of N. Y., D.C., 163 F.Supp. 713), and that therefore the Miller Act notice provisions are inapplicable. Judge Pickett, dissenting, relied on the jurisdictional cases cited previously in this opinion, and also contended that a Capehart Act project was, in fact, a public work under the Miller Act. Among the cases upon which Judge Pickett relied was United States for Use and Benefit of Robertson Lumber Co. v. Progressive Contractors, Inc., D.C., 196 F.Supp. 171, which, relying upon the above-noted jurisdictional cases, specifically held that notice under the Miller Act was sufficient compliance with whatever notice might be required under the Capehart Act.

The Robertson Lumber Co. case, supra, was reversed on appeal by the Court of Appeals for the Eighth Circuit (Continental Casualty Company v. United States for Use and Benefit of Robertson Lumber Company, 305 F.2d 794). The rationale of the Eighth Circuit appellate court differed from that in the Tenth Circuit, however. The Robertson Lum-

---

1. Defendant Continental has stipulated that any judgment in plaintiff's favor should be in the amount of the prayer, if plaintiff is entitled to judgment at all.

ber Co. case, on appeal, was decided on the basis of the language in § 1594 of Title 42 U.S.C., to the effect that the bond required thereunder was to be "satisfactory to the Secretary of Defense, or his designee," and was to be deemed "a sufficient compliance with the provisions of section 270a of Title 40." The Eighth Circuit indicated that, although the coverage of the bonds under the two acts was to be essentially similar, Congress apparently had intended that the procedural provisions of Capehart Act bonds should be worked out by the agencies involved in light of the peculiar problems encountered in connection with Capehart projects. The Robertson Lumber Co. case has been followed, and a detailed analysis of the comparison between it and the Harrison and Grimshaw case, supra, appears in United States for Use and Benefit of Fine v. Travelers Indemnity Company, D.C., 215 F.Supp. 455 (And see also, with reference to the question of venue under the Capehart and Miller Acts, Northwest Lumber Sales, Inc. v. S. S. Silverblatt, Inc., D.C., 211 F.Supp. 749, following the holding in Robertson Lumber, supra).

■ Although the reasoning of the Courts of Appeal in the Eighth and Tenth Circuits on the instant question is strikingly dissimilar, the result reached by those courts is identical. Each Court held that the notice provisions of the Miller Act do not apply to Capehart Act bonds. The opposite result has been intimated by the Court of Appeals for the Fifth Circuit in Lasley v. United States for Use of Westerman, supra.

The Lasley case dealt specifically with the question of jurisdiction over a Capehart Act bond action. The Court in that case stated 285 F.2d at page 100, however, that it felt that,

"* * * the purpose of the binding provisions in the Capehart Act was merely to substitute it for the bond described in 40 U.S.C.A. § 270b(b), * * * and that the remainder of the provisions of the Miller Act would apply to the Capehart bond just as they do a Miller Act bond.

This would, of course, include the provisions conferring jurisdiction on the district courts of the United States."

Thus, the Fifth Circuit Court of Appeals has at least inferentially set forth the proposition that the notice requirements of the Miller Act do apply to a Capehart Act bond.

Neither the Supreme Court of the United States nor the Court of Appeals for the Ninth Circuit have yet had occasion to rule directly on the notice question which concerns us here. Under the circumstances, this Court is obliged to choose from among the varying opinions in support of the opposing rules just cited. The reasoning of the Court of Appeals for the Eighth Circuit appeals to this Court. This Court is of the view that the rule laid down by that Court is the correct rule. In the light of the extensive reasoning and coverage set forth in the Robertson Lumber case, supra, and the Travelers Indemnity case, supra, no useful purpose will be served by a reiteration of the language of those cases. It is sufficient to say that, in this Court's opinion, the language of § 1594 of Title 42 U.S.C. precludes a laborer or materialman from relying upon the notice provisions of the Miller Act, in an action upon a Capehart Act bond.

### Estoppel

■ The notice provisions under the Miller Act not being available to plaintiff, he can recover in this case only if his plea of estoppel has merit. Plaintiff seeks to rely upon the doctrine of equitable estoppel, which is sometimes referred to as estoppel in pais. Rule 8(c) of the Federal Rules of Civil Procedure made it mandatory for plaintiff to affirmatively set forth his plea of estoppel. This he has done. Having set forth this affirmative plea, plaintiff is confronted with the burden of proving its applicability by a preponderance of the evidence (Girard v. Gill, 4 Cir., 261 F.2d 695; Van Antwerp v. United States, 9 Cir., 92 F.2d 871; and Aldridge v. General Motors Corp., D.C., 178 F.Supp. 839).

In order for plaintiff to succeed with his affirmative plea of estoppel, he was obliged to prove:

1. A false representation or concealment of a material fact or facts;

2. Knowledge on the part of the defendant of the true fact or facts;

3. Lack of knowledge, and an absence of means of securing knowledge, of the true facts, on plaintiff's part;

4. An intent on the part of the defendant that the representation or concealment be acted upon by plaintiff; and

5. Actual reliance by plaintiff on the representation or concealment.

(See: Hampton v. Paramount Pictures Corp., 9 Cir., 279 F.2d 100; Cedar Creek Oil & Gas Co. v. Fidelity Gas Co., 9 Cir., 249 F.2d 277; California State Bd. of Equalization v. Coast Radio Products, 9 Cir., 228 F.2d 520; Parker v. Sager, 85 U.S.App.D.C. 4, 174 F.2d 657; Sinclair Prairie Oil Co. v. Campbell, 5 Cir., 164 F.2d 907; and United States v. Shaw, D.C., 137 F.Supp. 24). Proof of the requisite elements of the estoppel is required to be clear, precise and unequivocal, and such proof cannot rely on mere conjecture (First Nat. Bank of Fleming, Colo. v. Petzoldt, 10 Cir., 262 F.2d 540; Cedar Creek Oil & Gas Co. v. Fidelity Gas Co., supra; and Coen v. American Surety Co. of New York, 8 Cir., 120 F.2d 393). An examination of the facts adduced at the trial in this case reveals that the plaintiff fell far short of the burden imposed on him in connection with his plea of estoppel.

As already stated, the record shows that the last shipment of goods was made by plaintiff to Beale AFB on May 23, 1960. Payment was not forthcoming from defendant Hayes & Associates, and on June 27, 1960, plaintiff's attorney addressed a letter to defendant Continental, in which, after discussing the situation in some detail, he requested a copy of Hayes' bond. Counsel stated in this letter that he would institute an action "under the requirements of the United States Code annotated" unless protective measures could be arranged. Nothing was said about the bond being needed for the protection of plaintiff's rights. By a letter of June 30, 1960, Continental acknowledged the letter from plaintiff's attorney, said that they were checking into the matter, and noted that plaintiff's rights would be "measured by the contracts and bonds as well as the laws pertaining to them." Nowhere in that letter was there any indication that Continental intended to supply a copy of the bond to plaintiff's attorney. Continental was simply silent on the subject. The issue thus turns on the question of whether Continental was obligated to supply plaintiff's counsel with a copy of the Hayes bond.

Both of the aforementioned letters were written well within the time when compliance with the notice requirements of the instant bond could have been accomplished. By a subsequent letter, dated November 21, 1960, Continental informed plaintiff's attorney that all valid claims would eventually be paid, but that Continental was having trouble with Hayes & Associates, and that they suggested that whatever action might be deemed appropriate be taken to protect the plaintiff's interests. Plaintiff never did receive a copy of Hayes' bond from Continental, but on the other hand Continental never, at any time, agreed to provide a copy of the bond, or did it ever urge plaintiff to refrain from, or delay in the taking of, such action as might be necessary to protect his rights. Plaintiff now contends that by failing to supply him with a copy of the Hayes bond, Continental is estopped in this case from relying on the notice provisions thereof.

A number of things are patent to the Court. To begin with, the Court is convinced from the evidence before it that the plaintiff never relied upon any "representation or concealment" on the part of the defendant. Continental made no representation that it would furnish

plaintiff with a copy of the bond. It follows then that the question of concealment can be properly urged only if Continental was under a duty to supply plaintiff with such a copy (See: Bush v. Remington Rand, 2 Cir., 213 F.2d 456; and California Packing Corp. v. Sun-Maid Raisin Growers of California, 9 Cir., 81 F.2d 674). In this connection, it must be noted that one may not omit to avail himself of readily accessible sources of information concerning particular facts, and thereafter plead as an estoppel the silence of another who has been guilty of no act calculated to induce the party claiming ignorance to refrain from investigating (Codell v. American Surety Co., 6 Cir., 149 F.2d 854).

No showing was made by plaintiff of anything remotely approaching a duty on the part of Continental to disclose the terms of Hayes' bond to plaintiff. Plaintiff simply mistook his remedy in this case, and in so doing failed to seek the required information concerning the notice provisions of the bond from sources other than the defendant. The record is utterly devoid of any showing that plaintiff could not have obtained a copy of the bond from Hayes & Associates, with whom plaintiff was in a direct contractual relationship. In the absence of such a showing, Continental had no duty to disclose the terms of Hayes' bond to plaintiff, who, so far as it was concerned, was a stranger. There is absolutely no showing of any representation or concealment by Continental for which it is legally culpable.

Even assuming, *arguendo*, that such a showing could be made, there is nothing more than an inference (Even this does not exist if the letters which are in evidence are read in a light favorable to Continental.) in the record indicating that Continental intended that any such "representation or concealment" should be acted upon. Plaintiff never made it clear at any time that he expected Continental to protect his rights, and Continental never did or said, or failed to do or say, anything upon which plaintiff could justifiably rely in assuming that Continental was going to protect his interests. It is abundantly clear from the record that plaintiff indicated that if he was not paid, or otherwise satisfied, *he* would do whatever was necessary to protect his rights. In the face of such a factual record, the plea of estoppel simply is not established.

■ In order for the Court to invoke equitable estoppel, and thus prevent a party to litigation from asserting his legal rights, there must be some degree of turpitude in his conduct which has misled the party alleged to be aggrieved (Henshaw v. Bissell, 18 Wall. 255, 85 U.S. 255, 21 L.Ed. 835). There is nothing in the record of this case which convinces, or in fact leaves the Court with a feeling, that Continental did anything designed to lull the plaintiff into inaction until a copy of the bond would be supplied. There being no showing in this case of deception on the part of Continental, and there being no showing of noncompliance with a legal duty to supply a copy of the bond herein, the Court cannot, and will not, make a finding of equitable estoppel such as would preclude Continental from relying upon the notice provisions of its bond (See: McWaters and Bartlett v. United States for the Use and Benefit of Wilson, 10 Cir., 272 F.2d 291).[2]

It Is, Therefore, Ordered that judgment in this action be, and it is, hereby

2. It should be noted that at one point in these proceedings, plaintiff was also attempting to rely upon the filing of a mechanic's lien upon the project herein. Such a procedure is provided for by § 4(a) of the instant bond. Plaintiff appears to have abandoned that argument, and this he has done with good reason. The mechanic's lien law of the State of California requires that, "as a necessary prerequisite to the validity of any claim of lien subsequently filed," the claimant must give a fifteen day notice of his intention to file a lien (California Code of Civil Procedure § 1193). The record contains no showing of compliance with this procedure. Plaintiff, therefore, cannot rely upon the filing of his so-called mechanic's lien.

rendered in favor of defendant Continental Casualty Company and against plaintiff J. W. Fogle. Plaintiff will take nothing by his complaint. Defendant will prepare findings of fact, a form of judgment and all other documents necessary for the complete disposition of this case, and lodge them with the Clerk of this Court, pursuant to the applicable rules and statutes.