UNITED STATES of America, for the Use and Benefit of The ROBERTSON LUMBER COMPANY, a North Dakota Corporation, Plaintiff,

v.

CEDRIC SANDERS COMPANY, a foreign corporation, Sanders-Keiter, a joint venture, Cedric Sanders-Sanders-Coast, a joint venture, and Continental Casualty Company and U. S. Fire Insurance Company, foreign corporations, Defendants.

Civ. No. 426.

United States District Court
D. North Dakota,
Northwestern Division.

Nov. 26, 1963.

Palda, Palda, Peterson & Anderson, Minot, N. D., for plaintiff; Stokes, Vaaler, Gillig & Warcup, Grand Forks, N. D., of counsel.

Bosard, McCutcheon & Coyne, Minot, N. D., for defendants.

REGISTER, Chief Judge.

Only so much of the factual background, as is disclosed by the pleadings on file herein, will be set forth as is necessary for the disposition of the pending motion for dismissal.

Defendants Cedric Sanders Company, Sanders-Keiter (a joint venture), and Cedric Sanders-Sanders-Coast (a joint venture) entered into a contract with the United States of America for the construction of certain housing at the Minot Air Force Base. A payment bond was duly executed by the defendants Continental Casualty Company and United States Fire Insurance Company as sureties, and Cedric Sanders Company as principal, on October 5, 1959. The named obligees in the bond are Minot AFB Housing No. Eleven, Inc. (mortgagor-builder) and Manufacturers Trust Company of New York (lender). Total liability under the bond was $2,706,579.-00; the limit of liability of each of the named sureties was one-half of that amount. Said payment bond was conditioned that the principal should promptly make payment to all persons supplying materials in the prosecution of the work as provided in the contract, and any and all authorized modifications

thereof, and was accepted by the United States of America.

The use plaintiff alleges that the named principal has failed and neglected to pay it the sum of $32,298.89 remaining due and unpaid for materials supplied by it in the prosecution of the work contemplated by the construction contract; that more than ninety days have elapsed since such materials were supplied by the use plaintiff; that said use plaintiff has complied with all rules and requirements of the statute for the perfecting of a right of action under the bond; that one year has not elapsed from date of final settlement of the contract or from the date on which the last material was furnished; and that, although due demand has been made upon each of the defendants, no part of said sum has been paid to the use plaintiff.

According to the complaint, jurisdiction of this Court is conferred by Section 270a(a) and (b) of Title 40 of the United States Code (commonly referred to as the Miller Act). However, the construction involved in this controversy is clearly within the provisions of the so-called Capehart Housing Act, and plaintiff now concedes that this action is not properly brought under the provisions of the Miller Act but contends that this Court nevertheless has jurisdiction by virtue of Title 28, Section 1352, United States Code, which provides that "The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States".

The issue now before the Court for determination is presented by the motion for dismissal of the action filed by defendants Continental Casualty Company and United States Fire Insurance Company. Movants contend that plaintiff has failed to comply with the notice provisions contained in the bond, that such compliance is a condition precedent to plaintiff's right to recover under the bond, and that such failure constitutes a complete defense to any action brought on the bond.

That portion of the bond which must be considered in determining the pending motion is as follows:

"4. No suit or action shall be commenced hereunder by any claimant,

(a) Unless claimant shall have given written notice to any two of the following:. The Principal, any one of the Obligees, or the Sureties above named, before the expiration of the period referred to in condition 2 above, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. * * * ".

Plaintiff concedes that the only notice given by it was to the principal, and that no notice whatsoever was given to either of the sureties or to either of the obligees.

The moving defendants rely upon Continental Casualty Company v. United States for Use and Benefit of Robertson Lumber Co., 8 Cir., 305 F.2d 794 as authority for their position. That decision has been so thoroughly discussed by counsel involved herein and this Court that further comment would only be superfluous. It must be conceded that under the decision in that case, the giving of dual notice required by the bond is a condition precedent to a supplier's right to recover thereunder, and that failure to give such notice precludes the supplier from recovery.

In resisting the pending motion, plaintiff calls the attention of the Court to two cases, United States for Use and Benefit of Fine v. Travelers Indemnity Company, D.C., 215 F.Supp. 455, and Ireland's Lumber Yard v. Progressive Contractors, Inc. et al., (N.Dak.) 122 N.W.2d 554. In the Fine case, supra, it will be noted that Judge Oliver, in his careful analysis of the Miller Act and the law relating to Capehart construction, states, 215 F.Supp. at page 466:

"Robertson Lumber, of course, definitely determines, so far as this Court is concerned, that the bond

requirement established by the Secretary of Defense of 'dual notice as a condition precedent to action on a Capehart bond * * * is neither unreasonable nor oppressive', and that the requirement is therefore valid and controlling."

As this Court understands it, counsel for plaintiff interpret the decision in Ireland's, supra, in essence, as follows:

1. That, under the so-called Capehart Act, the North Dakota district court of the county in which the housing project involved is located, has jurisdiction in a suit by a claimant against the sureties on a payment bond issued by sureties on such housing project;

2. That such action is contractual in character, and the law of the state of North Dakota is controlling and applicable;

3. That the provisions of North Dakota law existing at the time of the execution of such contract (bond) form a part of such contract as though expressly incorporated therein;

4. That there is no North Dakota statute which requires the giving of notice to a surety as a condition precedent to instituting an action on a suretyship bond in North Dakota;

5. That the only applicable statute in North Dakota is Section 22–03–06, NDCC, which provides that a surety is exonerated

\* \* \* \* \* \*

"4. To the extent to which he is prejudiced by an omission of the creditor to do anything when required by the surety which it is his duty to do."

and;

6. That, under the law of North Dakota, the giving of the dual notice as required by the bond is not a condition precedent to suit thereon, and that the failure to give such notice is available as a defense by a surety in such action solely to the extent to which the surety proves it was prejudiced thereby.

If the foregoing analysis be the correct interpretation of Ireland's, as is contended by counsel for plaintiff, it is clearly contrary to the determination of the Court of Appeals for the Eighth Circuit in Robertson Lumber Company, supra, that the giving of such dual notice is a condition precedent to the right to recover under such bond. Counsel for plaintiff emphasize the fact that the decision in Ireland's was rendered approximately one year subsequent to that in Robertson Lumber Company.

Attention is invited to the comments of Judge Oliver, in Fine, supra, 215 F. Supp. at page 474, relative to the argument that the measure of liability on identical government bonds required by it for the construction of such projects as Capehart Housing be determined by the law of the State in which the respective project is located. Furthermore, though such action be contractual in nature, it does involve the substantive rights of the parties based upon the express terms and provisions of the bond which were prescribed by proper authority pursuant to an Act of Congress. It appears that uniformity, in cases of this kind, is essential. It would of course be anomalous if, depending upon whether a suit were litigated in a state or federal court, a contrary result would be reached. Both such courts concededly have concurrent jurisdiction in cases of this type.

However, I do not believe the interpretation of Ireland's asserted by plaintiff—and its necessary conclusion that it is contrary to Robertson Lumber Company—is necessary in the determination of the pending motion.

I have carefully considered the opinion in Ireland's insofar as the issue now before this Court is concerned. There were seven bonds involved in that case. The general contractor was the principal in each bond, one of the mortgagor-builder corporations was named in each bond as an obligee, a second obligee named in each was the lending institution on the project, and the two surety

companies co-signed each of the bonds. Two written notices of claim were given by registered mail by the plaintiff supplier to the principal, to all of the housing corporation obligees, and to each of the sureties, in addition to others. The first of such notices was timely given. More than ninety days had elapsed after furnishing of the last of the materials before the last written notice was given. Defendant sureties therefore contended that such last notice was not timely.

It is apparent that the Supreme Court of North Dakota, at the time of making its decision in Ireland's, was thoroughly familiar with the decision in Robertson Lumber Company. Indeed, the latter case is discussed and extensively quoted in Ireland's, and cited therein as authority on the proposition that the Capehart bond is not controlled by the Miller Act. It would seem reasonable that, if the Supreme Court in Ireland's intentionally held contra to Robertson Lumber Company on the important issue now before this Court, it would have expressly so stated. Furthermore, under the facts in Ireland's, actual notice was given in the manner provided by the bond to all of the parties thereto. The first of such notices was timely. Due to an error the amount of the claim was incorrectly stated therein, and a second notice was given reciting the correct amount. Such second notice was not timely under the provisions of the bond. The Supreme Court comments that this was clearly an error, resulting in no prejudice to the sureties, and that liability existed at the time of the giving of the first notice. That the Supreme Court did not intend to completely ignore the provisions of the bond is apparent. On page 565 of 122 N.W.2d (Ireland's, supra), that Court states: "[I]t is equally clear from the language of the bonds that no notice need be given the sureties at all as a condition precedent to bringing suit against them." Thereafter the Court refers to the general rule as follows: "Generally, in the absence of statute to the contrary *or provisions in the contract so requiring,* notice of default need not be given to the sureties before they can be sued on the obligations, * * *." (Emphasis added.) The Court also states: "We have no statute requiring notice to surety before suit on a suretyship bond in North Dakota." The law of North Dakota on this point existing at the time of the decision in Ireland's was also in existence at the time Robertson Lumber Company was before both the trial court and the Court of Appeals for this Circuit. I have found no reference to any such state law (regarding notice to sureties) in either of the Robertson Lumber Company opinions, reported at D.C., 196 F. Supp. 171 and 305 F.2d 794, and apparently the point was not raised therein. It is indeed unfortunate that this uncertainty exists, as there is at the present time a substantial amount of litigation in this Court involving Capehart Housing.

It appears to this Court that the facts in the case now before it are dissimilar to those in Ireland's. The bond here involved requires that, as a condition precedent to instituting suit or action, claimant must "have given written notice to *any two* of the following: The Principal, any one of the Obligees, or the Sureties above named, * * *.". (Emphasis added.) Plaintiff has failed to do so—it is conceded the only notice given was to the principal. The notice provisions of the bond were not satisfied. Such failure precludes recovery under the bond. Robertson Lumber Company, supra. Also see: United States for Use and Benefit of Miles Lumber Company v. Harrison & Grimshaw Construction Company et al., (10 Cir., 1962) 305 F.2d 363, and United States for Use and Benefit of Fogle v. Hal B. Hayes & Associates, Inc. et al., D.C., 221 F.Supp. 260.

For the reasons heretofore stated, it is hereby

Ordered that said Motion for Dismissal be, and the same hereby is, in all things, granted, and that said action and complaint herein be, and are, dismissed as to each of the defendants Continental Casualty Company and U. S. Fire Insurance Company.