**ECONOMY FORMS CORPORATION,**
Plaintiff,

v.

**TRINITY UNIVERSAL INSURANCE COMPANY** and Employers Reinsurance Corporation, Defendants.

Civ. No. 524.

United States District Court
D. North Dakota,
Northwestern Division.

April 29, 1964.

Herbert L. Meschke, of Pringle, Herigstad, Meschke, Loder, Mahoney & Purdy, Minot, N. D., and Val L. Schoenthal, of Brody, Parker, Roberts, Thoma & Harris, Des Moines, Iowa, for plaintiff.

Bruce M. Van Sickle, of McGee, Van Sickle & Hankla, Minot, N. D., and John Biersmith, of Rafter, Biersmith, Miller & Walsh, Kansas City, Mo., for defendants.

REGISTER, Chief Judge.

This matter is now before the Court on defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. By said motion, defendants contend that:

"1. Plaintiff did not as to time or form comply with the notice requirements of the instruments of bond upon which it purports to sue; compliance with which is as a matter of law an essential condition precedent to the granting of any relief herein;

"2. The filing and maintenance of this action is barred both by the provisions of controlling statute, to wit, the Act of August 24, 1953, c. 642, 49 Stat. 793, as amended, commonly referred to as the Miller Act, 40 USC 270(b), and the aforesaid instruments.

"3. The items for which claim is herein made are not, as a matter of law, by their nature, 'labor' or 'materials' as defined in said instruments."

In view of the Court's determination with reference to the grounds set forth in paragraph number 2, above quoted, it becomes unnecessary to consider those contentions set out in paragraphs number 1 and 3.

For purposes of determining this motion, a detailed recitation of the facts is unnecessary. Suffice it to say that the action arises under the provisions of the so-called "Capehart Act"; that the plaintiff furnished certain architectural forms and related equipment and labor used

in constructing building foundations and basements; that such material and labor was used by a sub-contractor engaged in building houses on a federal military installation; that the defendants as sureties furnished the required bonds, wherein the prime contractor was named principal; and that the material and labor referred to was furnished pursuant to a "rental service agreement".

Title 40, Section 270b(b), U.S.C.A., provides, among other things, that " * * no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him." That the instant suit was not commenced within that time limitation is conceded. See: Letter of December 3, 1963, addressed to this Court with copies to counsel for defendants, from Mr. Val L. Schoenthal, one of counsel for plaintiff, wherein Mr. Schoenthal states:

"Suit in the instant case having been filed at a date which was apparently well beyond the date required by the Miller Act (40 USCA #270b(b): ' * * * one year after the day on which the last of the labor was performed or material was supplied by him,' it would appear that if Judge Oliver's decision on this point is correct, the Motion for Summary Judgment is well founded."

Since the above quoted statement leaves no material fact in issue, I deem this matter ripe for summary disposition. The issue is narrowed to this legal proposition: Does the time limitation on the commencement of suit under the provisions of the Miller Act apply and act as a bar to suits filed pursuant to the Capehart Act, notwithstanding contrary terms of limitation incorporated in bonds required and furnished by the provisions of the Capehart Act?

Plaintiff contends that such limitation does not apply, relying primarily on the Court of Appeals for the Eighth Circuit decision in Continental Casualty Co. v. United States for Use and Benefit of Robertson Lumber Co., (1962), 305 F.2d 794. In a subsequent case Judge John W. Oliver, in Travis Equipment Co. v. D & L Construction Co. & Associates et al., D.C.Mo., 11/21/63, 224 F.Supp. 410, exhaustively explored the precise problem facing the Court on this motion and, after a comprehensive review of the authorities, including our own Court of Appeals holding in Robertson Lumber Co., supra, held that the Miller Act limitation does apply in actions brought under the Capehart Act. I am persuaded by the reasoning of Judge Oliver and agree with his conclusion regarding this problem in that case.

For the reasons stated, it is hereby

Ordered that Defendants' Motion for Summary Judgment be, and the same hereby is, in all things, granted, and the action and complaint of the plaintiff are in all things dismissed.