**D & L CONSTRUCTION COMPANY et al., Appellants,**

v.

**TRIANGLE ELECTRIC SUPPLY COMPANY, Inc., Appellee.**

**No. 17493.**

United States Court of Appeals Eighth Circuit.

June 22, 1964.

John A. Biersmith, of Rafter, Biersmith, Miller & Walsh, Kansas City, Mo., for appellant.

Robert D. Youle, of Lathrop, Righter, Gordon & Parker, and Daniel M. Dibble, of Lathrop, Righter, Gordon & Parker, Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, RIDGE and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

The issue presented by this appeal taken by defendants D & L Construction Company and its associates and Continental Casualty Company, its performance bond surety, is whether the trial court properly allowed plaintiff Triangle Electric Supply Company, Inc., interest and attorneys' fees upon its claim for materials furnished Mojave Electric Company, Inc., a subcontractor upon a Capehart Housing Project upon which D & L was prime contractor.

Through pleadings, discovery proceedings, stipulations and pretrial conferences, the parties ultimately agreed that the reasonable value of electrical equipment furnished by Triangle to the subcontractor and used on the project is $14,592.12. Triangle's right to judgment for such amount is not questioned. The parties stipulated in regard to their respective claims and the questions for decision as follows:

"(a) If plaintiff Triangle is entitled to interest, said interest shall run from date of plaintiff's demand letter of March 28, 1960 to the defendants D & L and Continental, and such interest shall be calculated at the rate of six per cent per annum. * * * Defendants deny that interest is allowable on an award on such bond. This is an issue of law to be determined by the Court.

"(b) Plaintiff claims that if a recovery is allowed it for the principal amount of its claim under the payment bond in question, it is also entitled to an allowance for attorneys' fees. Defendants deny that any attorneys' fees can be awarded in connection with a recovery on the bonds in question. This is an issue of law to be determined by the Court."

The court sustained Triangle's motion for summary judgment and entered judgment for Triangle against D & L and its surety for $14,592.12 principal, $2,924.07 interest and $6,000 attorneys' fees.[1] This appeal is from such judgment.[2]

Defendants' statement of points relied upon for reversal reads:

"The Court below erred in including in its summary judgment as a matter of 'Federal Law' under 'Rules of Decision Developed under the Heard and Miller Act Decisions' sums representing awards to this plaintiff of pre-judgment interest and attorneys' fees in that:

"a. The rules of decision developed under the Miller and Heard Acts are not applicable to Capehart bond suits.

"b. Even under the decisions interpreting the Miller and Heard Acts, there is no 'Federal Law' entitling a claimant to pre-judgment interest or attorneys' fees."

Plaintiff's answer to point "a" is that, for the purpose of solving the issues here presented, it is immaterial whether the Capehart Housing Project provisions are *sui generis* and that all provisions of the Miller Act may not apply to Capehart Housing. We agree. Continental Cas. Co. v. United States for the Use and Benefit of Robertson Lumber Co., 8 Cir.,

305 F.2d 794, relied upon by defendants, has no direct bearing upon the problem we are here considering. There we held that 42 U.S.C.A. § 1594a gave the Secretary of Defense the right to prescribe the form of bond to be furnished on Capehart Projects and that when the bond prescribed and given contained more stringent provisions as to notice to be given than the Miller Act, the procedural provisions of the Capehart bond must be followed. We said nothing about the Miller Act decisions lacking persuasiveness in instances where the Miller Act bond and Capehart bond contained substantially similar provisions. We recognized that the Capehart bond is a bond required by federal law and stated that Congress intended that Capehart should have substantive bond protection essentially similar to that of Miller Act suppliers.

Plaintiff's position is that, to the extent here material, the Capehart bond as prescribed by the Secretary of Defense pursuant to 42 U.S.C.A. § 1594a and given by the prime contractor is in substance the same as that required on Miller Act projects by 40 U.S.C.A. § 270b. The pertinent provisions of the bond here in suit are:

"* * * every claimant * * * who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed or materials furnished by such claimant * * * may sue on this bond * * * in the name of the claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon * * *."

The Miller Act, as shown by 40 U.S. C.A. § 270b(a) similarly provides bond

---

1. The trial court's opinion is reported at 217 F.Supp. 913. See also United States for Use and Benefit of Fine v. Travelers Ind. Co., W.D.Mo., 215 F.Supp. 455, for an extensive discussion of legal questions common to this and other related litigation.

2. There remained pending cross claims by the defendants and the surety upon the subcontractor's bond which are reserved for subsequent trial. Such issues are not here directly involved. The trial court made the Rule 54(b) order making the judgment here appealed from final.

coverage for persons furnishing labor or materials "for the sum or sums justly due him."

■■ It reasonably appears that the drafters of the Capehart bond adopted the Miller Act phraseology in the respects here material. Miller Act bonds and Capehart bonds are bonds required by federal law. Each of such bonds are designed to serve substantially the same purpose, that is, to protect parties furnishing labor and material used on federally sponsored projects. Upon the record before us, we believe that the trial court properly determined that "the rules of decision that will be applied to the factual situations involved in the various cases will be the rules of decision developed under the Heard and Miller Act decisions."[3] 217 F.Supp. 913, 914.

Defendants urge that in any event there are no decisions under the Heard and Miller Act which allow for recovery of pre-judgment interest or attorneys' fees. The bond here in suit clearly permits Triangle to recover sums justly due for material and labor furnished on the project. What is included in the term "justly due" may vary with the facts and circumstances of individual cases. If labor and material is furnished under express contract, the contract will ordinarily measure the sum justly due. Here the court, upon the basis of undisputed evidence, found:

"All of the invoices of plaintiff Triangle to Mojave for materials here involved contain the following provision:

" 'All past due invoices bear interest at the rate of 6% per annum. Should it become necessary to place this or any subsequent invoice in the hands of an attorney for collection, reasonable attorneys' fees shall be added.'

"Said provision expresses Triangle's usual and normal terms of sale and constitute a part of the contract of purchase and sale between plaintiff Triangle and Mojave Electric Company." 217 F.Supp. 913, 914.

The validity of the court's determination that the contract between Triangle and the subcontractor provided for 6% interest on past due invoices and a reasonable attorneys' fee in event of suit is in no way challenged. With respect to interest, the parties have agreed as to the amount of interest due in the event interest is allowable. The judgment for interest is based upon such agreement.

We agree with the trial court that the contract under which Triangle furnished materials to the subcontractor for use on the project measures the amount that is justly due Triangle.

United States for Benefit and on Behalf of Sherman v. Carter, 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776, a Miller Act case, is direct authority supporting allowance of attorneys' fees and interest. There the Supreme Court held that an additional percentage of wages plus attorneys' fees and liquidated damages provided for by a welfare trust agreement established pursuant to the governing union contract were recoverable within the statutory language "sums justly due him":

"The trustees' claim for liquidated damages, attorneys' fees, court costs and other related expenses of this litigation has equal merit. The contractor's obligation to pay these items is set forth in the trust agreement. It is stipulated that they form a part of the consideration which Carter agreed to pay for services performed by his employees. If the employees are to be 'paid in full' the 'sums justly due' to them, these items must be included. Their amount, however, remains to be determined.

"We hold that the Miller Act makes the surety liable on its payment bond for the delinquent con-

---

3. The trial court sets out in some detail the basis for such determination in United States for Use and Benefit of Fine v.

Travelers Ind. Co., W.D.Mo., 215 F.Supp. 455.

tributions to the fund, together with the additional items above described." 353 U.S. 210, 220–221, 77 S.Ct. 799, 1 L.Ed.2d 776.

The opinion interprets the contractual and statutory obligation on the basis of federal law. There is no discussion of state law.

In Continental Cas. Co. v. United States for Use and Benefit of Conroe Creosoting Co., 5 Cir., 308 F.2d 846, attorneys' fees were allowed claimant under a Capehart Act bond. There, as here, the bond provided that the surety shall be liable for such sums as may be justly due. The court in allowing attorneys' fees states:

> "The decision of the District Court as to the right of these appellees to recover attorney's fees was based upon this provision of the bond and we agree with the decision of the District Judge that appellant is liable to each appellee for a reasonable attorney's fee." 308 F.2d 846, 849.

The award is based upon the provisions of the bond similar to the bond provisions in this case. There is no discussion of state law.

■■ It is quite true that in some instances federal courts have looked to state law to determine liability of a surety on a Miller Act bond for attorneys' fees and interest. The liability of the surety is measured by that of the prime contractor covered by the bond. The liability of the prime contractor to a project supplier of a subcontractor is governed by the subcontractor's obligation. Where there is no express contract for interest or attorneys' fees, it is necessary to look to state law to measure the extent of the subcontractor's obliga-

tion.[4] In such a situation, state law will determine when interest is allowable and the rate of interest. Such a condition does not exist where, as here, interest and attorneys' fees are covered by express contract.

■ In our present case, the subcontractor by express contract with his supplier, Triangle, agreed to pay 6% interest per annum on past due invoices and a reasonable attorneys' fee. Such interest and attorneys' fees are by such contract made part of the purchase price of the materials and are sums justly due to Triangle. The defendants are liable upon their bond for such sums justly due.

Like the trial court, we limit our holding to the facts of this case and express no view upon what a claimant's right might be to collect interest or attorneys' fees in the absence of an express contractual provision covering such items.

With respect to the attorneys' fee allowance, we observe that defendants have limited their attack to the issue of the right of Triangle to recover any attorneys' fees and there is no contention made that the $6,000 fee allowed is excessive.

■ Plaintiff has filed a motion for allowance of additional attorneys' fees upon appeal. We do not question the extent and value of the services of plaintiff's counsel. However, it would appear that this litigation has covered a far wider field than could have reasonably been contemplated by the contracting parties. We believe that the $6,000 attorneys' fees allowed adequately covers all attorneys' fees reasonably contemplated by the contract for the purchase of materials. Hence, in the exercise of

4. In Illinois Sur. Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206, there is nothing in the opinion to indicate a specific contractual obligation to pay interest. Under such circumstances, the court turned to state law to determine interest liability and allowed interest on the basis of Illinois law. For other cases allowing interest or attorneys' fees upon the basis of state law in situations where no express contract relating thereto existed, see Sam Macri & Sons, Inc. v. United States, for Use of Oaks Construction Company, 9 Cir., 313 F.2d 119; J. F. White Engineering Corp. v. United States, for Use of Pittsburgh Plate Glass Co., 10 Cir., 311 F.2d 410; United States for Use of Weston & Brooker Company v. Continental Cas. Co., 4 Cir., 303 F.2d 91.

our judicial discretion, we decline to allow any additional attorneys' fees for services upon this appeal. See Annot. 52 ALR2d 863.

The judgment appealed from is affirmed.