**L & E CO., et al., Appellants,**

v.

**U. S. A. ex rel. KAISER GYPSUM CO., Inc., Appellees.**

**CAL–APEX, INC., et al., Appellants,**

v.

**U. S. A. ex rel. KAISER GYPSUM CO., Inc., Appellees.**

Nos. 19533, 19540.

United States Court of Appeals
Ninth Circuit.

Oct. 8, 1965.

Rehearing Denied Nov. 22, 1965.

C. C. Dillavou, Richard N. Castle, Dillavou & Cox, Los Angeles, Cal., for appellants L & E Co. and Gen. Ins. Co. of America.

Charles J. Katz, Louis C. Hoyt, Arnold M. Shane, Los Angeles, Cal., for appellants Cal-Apex, and Cont. Casualty Co., and others.

James W. Baldwin, John G. Flett, Thelen, Marrin, Johnson & Bridges, Los Angeles, Cal., for appellees.

Before POPE, DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

These appeals are from a summary judgment, entered pursuant to the determination and direction of the court under Rule 54(b) F.R.Civ.P. We have jurisdiction under 28 U.S.C. § 1291.

Certain of the appellant corporations, doing business as Cal-Apex, a joint venture, were together the prime contractor for the construction of a "Capehart Act" housing project at Edwards Air Force Base, California. Three of the appellant surety companies were sureties for Cal-Apex. (See 42 U.S.C. § 1594(a), 40 U.S.C. §§ 270a, 270b.) We refer to all of these appellants as "the Cal-Apex appellants." Cal-Apex subcontracted the installation of gypsum wall board to appellant L & E Co. One of the appellant surety companies was its surety. We refer to these two appellants as "the L & E Co. appellants." L & E Co. contracted with Reyco Building Material Co., Inc. for the wall board and certain related supplies. Reyco bought the board from

appellee Kaiser Gypsum Co., Inc. Reyco not having been paid, Kaiser, as its assignee, brought an action against the sureties of Cal-Apex. The District Court had jurisdiction on grounds of diversity of citizenship (28 U.S.C. § 1332) and under 28 U.S.C. § 1352 and 40 U.S.C. § 270b(b).

Cal-Apex intervened as a defendant and filed a counterclaim against the L & E Co. appellants for indemnification against Kaiser's claim. L & E Co. answered, setting up lack of jurisdiction over Cal-Apex's claim against L & E Co.; it also counterclaimed against Kaiser, asserting that by agreement between L & E Co. and Kaiser the latter was not to be paid for the wall board until L & E Co. had been paid by Cal-Apex. Kaiser answered, setting up lack of jurisdiction over L & E Co.'s claim against Kaiser, and cross-claimed against the L & E Co. appellants for the same amount that it claimed against the Cal-Apex appellants.

The action was consolidated for trial with a companion action by L & E Co. against the Cal-Apex appellants. An elaborate pretrial order was entered and the case was tried at length and in detail, before the late Judge Ross, who died after the matter had been submitted to him but before decision. The action was then assigned to Judge Stephens, and Kaiser made a motion for summary judgment against the Cal-Apex and L & E Co. appellants, basing the motion on the pleadings, certain requests for admissions and the answers to them, the pretrial order, the transcript of the previous trial, and certain affidavits. This motion was granted, and the resulting judgment is the basis for these appeals.

### 1. *Jurisdiction.*

■■ The L & E Co. appellants urge that the court lacked jurisdiction of the subject matter of Kaiser's claim against them. It clearly did have jurisdiction of Kaiser's original action against the Cal-Apex sureties, under all of the statutes heretofore cited. We think that it also had ancillary jurisdiction over the claim

of Kaiser against the L & E Co. appellants.

Cal-Apex was properly permitted to intervene, and its counterclaim against the L & E Co. appellants was proper under Rule 14 F.R.Civ.P. So were L & E Co.'s counterclaim against Kaiser and Kaiser's cross-claim against the L & E Co. appellants. All of these claims arose out of the same "transaction or occurrence." All, we think, were ancillary to the claims of which the court clearly had subject matter jurisdiction. See Glens Falls Indem. Co. v. United States, 9 Cir., 1956, 229 F.2d 370, 373–374, followed in James Stewart Co. v. Dennett-Robertson Elec., Inc., 9 Cir., 1961, 291 F.2d 147.

### 2. *Propriety of summary judgment.*

■ It is asserted that there was a genuine issue of material fact to be tried (Rule 56(c) F.R.Civ.P.) as to whether Kaiser agreed with L & E Co. that L & E Co. need not pay for the materials if it were not paid by Cal-Apex. This is the basis of L & E Co's cross-claim against Kaiser. The Cal-Apex appellants raise the same question. This issue, however, was removed from the case by the pre-trial order. It contains a list of forty issues of fact which remain to be tried, but none concerns this question, and the order recites that there are "no others" to be tried. This order "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." (Rule 16 F.R.Civ.P.) The order was not modified; no request was made that it be modified. The issue therefore did not remain in the case.

■ The L & E Co. appellants also say that a joint judgment against them and the Cal-Apex appellants is improper until their rights *inter sese* are determined. This, however, is not Kaiser's concern. The pre-trial order contains detailed admissions by L & E Co. as to what it bought from Kaiser's assignor and at what price. Kaiser's assignor thus had a direct contract right against L & E Co. and L & E Co. cannot complain that the Cal-Apex appellants have *also* been found liable to Kaiser.

■ The Miller Act confers a direct right of action against the Cal-Apex sureties. (40 U.S.C. § 270b.) It is undisputed in this record that the materials were supplied to the job, at the prices stated. If we assume, as the Cal-Apex appellants assert, that the measure of their liability is the reasonable value of the materials, it is the rule that, absent a contrary showing, the price charged is evidence of reasonable value. (Wood v. Moore, 1944, 64 Cal.App.2d 144, 148 P.2d 91; McClory v. Dodge, 1931, 117 Cal. App. 148, 4 P.2d 223; Milwaukee Bldg. Co. v. Wetzel, 1928, 93 Cal.App. 775, 270 P. 382.)

■ The Cal-Apex appellants claim that there was a genuine issue of fact as to whether Kaiser's materials were defective. But the record contains no evidence to show that there was such an issue. Appellants did not designate, for inclusion as a part of the record on appeal, the portions of the transcripts on which they now attempt to rely. Theirs is the burden of showing error—not by assertion, but by the record. They have not done so. We note, too, that this "issue" is not reserved in the pre-trial order.

3. *Propriety of the award of interest.*

The court awarded "interest at the rate of 7 per cent a year on the individual amounts constituting said total [principal] commencing 90 days subsequent to the respective invoice dates as set forth in Finding of Fact No. XIII." All appellants claim error.

■ The contract between Reyco and L & E Co. does not provide for interest. The invoices became due 90 days after their respective dates. There being no express provision for interest, California law supplies the rule. (See United States ex rel. Carter-Schneider-Nelson, Inc., v. Campbell, 9 Cir., 1961, 293 F.2d 816; cf. Illinois Sur. Co. v. John Davis Co., 1917, 244 U.S. 376, 381, 37

S.Ct. 614, 61 L.Ed. 1206). Under California Civil Code § 3287, interest is recoverable from the due date if the damages are "certain, or capable of being made certain, by calculation." As we have noted, L & E Co.'s liability is contractual. Dates of delivery and prices are admitted. Payment was to be made ninety days after invoice. The damages were certain, and interest was properly allowed. (Niles Sand, Gravel & Rock Co. v. Muir, 1921, 55 Cal.App. 539, 203 P. 1009; cf. Ansco Constr. Co. v. Ocean View Estates, Inc., 1959, 169 Cal.App.2d 235, 337 P.2d 146.)

■ The Cal-Apex appellants say that, as to them, Kaiser's right is to recover the reasonable value of the materials, not an agreed price, and that therefore they are not liable for prejudgment interest. They cite Rodoni v. Harbor Engineers, 1961, 191 Cal.App.2d 560, 12 Cal.Rptr. 924 and other cases. However, it has been held, in an action by a supplier of a subcontractor on the prime contractor's Capehart Act bond, that the liability is governed by the subcontractor's obligation to the supplier. (D & L Constr. Co. v. Triangle Elec. Supply Co., 8 Cir., 1964, 332 F.2d 1009.) We think that the decision in that case is correct. Here, as in that case, the bond provides for payment of "such sum or sums as may be justly due." The Miller Act (40 U.S.C. § 270b(a)) provides for the same recovery. In the D & L Construction Co. case, the contract between the supplier and the subcontractor expressly provided for interest. Not so here. But the law of California, as we have seen, supplies the right as against the subcontractor. Under the D & L Construction Co. case, this is also the measure of the liability of the Cal-Apex appellants.

No other point raised merits discussion.

Affirmed.