**In re John Joseph KISHEL, Helena J. Kishel, Debtors.**

**John HOPKINS, Plaintiff,**

v.

**John Joseph KISHEL, Defendant.**

**Bankruptcy No. LA 86–09816 JNB.
Adv. No. LA 86–2526.**

United States Bankruptcy Court,
C.D. California.

Oct. 19, 1987.

Thomas H. Vickers, Morgan, Wenzel & McNicholas, Los Angeles, Cal., for John Hopkins.

Douglas A. Palaschak, Legal Clinic of Judith Fogel, Thousand Oaks, Cal., for debtors.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.[*]

Heard on May 27 and 28, 1987, on the plaintiff's motion for summary judgment against the debtor in the above captioned complaint to determine dischargeability.

The pertinent facts are as follows: Plaintiff Hopkins, and Kishel (the debtor), established a partnership (GYROART) in April 1980, for the purpose of developing a gyroscopic navigation device for use in aircraft by the United States military. Subsequently, the partners had a falling out, with Hopkins contending that Kishel froze him out of the partnership and converted the partnership assets to his (Kishel's) own use. As a result, Hopkins filed suit in the California Superior Court alleging, *inter alia,* fraud, conversion of partnership assets, and breach of fiduciary duty. After a jury trial held on January 14, 15, and 16, 1986, the jury found for Hopkins and assessed $95,000 in general damages, and $200,000 in punitive damages against Kishel. Judgment was entered on the verdict on May 29, 1986, and the debtor filed his Chapter 7 petition on June 2, 1986.

Plaintiff's motion for summary judgment originally was based on the record in the state court proceedings, and debtor's March 1987 deposition. Because of the nature of the state court litigation, Hopkins argues that Kishel is collaterally estopped from relitigating issues, including the fiduciary relationship created by the partnership, which were decided against him in state court. At the instant hearing, plaintiff amended his motion to the effect that he was entitled to summary judgment based on the joint pre-trial order signed by

Judge Barr on April 16, 1987. Plaintiff contends that in the April 16 pre-trial order, debtor has admitted sufficient facts to support a conclusion that the debt is nondischargeable, as a matter of law.

Fed.R.Civ.P. 56(c), made applicable to this adversary proceeding by Bankruptcy Rule 7056, allows us to grant a motion for summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The motion can be based on admissions made in a pre-trial order. *See L & E Co. v. U.S.A.,* 351 F.2d 880, 882 (9th Cir.1965).

The pre-trial order in question consists of sixty-two numbered paragraphs, and deals with the relationship between Kishel and Hopkins, vis-a-vis GYROART. The key point of that relationship involves the question what, if any, fiduciary relationship existed between them. Plaintiff argues that based on the admitted facts, Kishel was his partner, was therefore a fiduciary under California law, and that Kishel breached his fiduciary duty to his partner (Hopkins). Kishel disputes that he was a fiduciary.

The original pre-trial order was prepared by plaintiff's counsel, in accordance with Local Rule 905. At the pretrial conference before Judge Barr on April 16, 1987, the debtor apparently argued against the inclusion of certain language in the proposed order, with the result that changes were made in paragraphs five and thirteen, and initialed by Judge Barr. As to paragraphs forty-two, forty-four, and forty-seven, Judge Barr marked those items as "disputed" and initialed them also. We feel that the most important part of the order, at least for determining the existence of a fiduciary relationship, is paragraph five which states:

> [The state trial court found] Plaintiff and Defendant were equal partners and co-owners of GYROART from April 17, 1980 until October 1, 1983.

The bracketed portion of paragraph five was added at the April 16 pre-trial conference. The additional wording changed what previously was an unequivocal admis-

---

[*] Of the District of Rhode Island, sitting by designation.

sion of a partnership (and thus one involving a fiduciary relationship), into a statement of what the state court had found. The language change in paragraph thirteen and the matters contained within paragraphs forty-two, forty-four, and forty-seven, marked "disputed" by Judge Barr, indicate that the debtor was disputing the alleged status of Hopkins and Kishel as partners. Still other admissions in the order suggest that a fiduciary relationship actually existed, and that said duty was breached by the debtor. The effect of what is admitted, versus what is disputed, is to render the order not susceptible to summary judgment treatment, in that it contains conflicting language as to issues of material facts. For the purpose of ruling on a motion for summary judgment based on this pre-trial order, there is no way we can say that the agreed facts are "so one-sided that [the plaintiff] must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

For the foregoing reasons, and based on the pre-trial order dated April 16, 1987, as amended, the plaintiff's motion for summary judgment is denied.