951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mike CARLSON, Plaintiff-Appellant,
v.
Kinney Shoe COMPANY, Defendant-Appellee.
 No. 90-55964.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 9, 1991.
Decided Dec. 16, 1991.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mike Carlson appeals the summary judgment entered against him in his wrongful discharge action. He argues that his complaint adequately stated a cause of action for wrongful discharge in violation of public policy. He also argues that he had an express or implied contract for a job as a store manager that could be terminated only for just cause. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 I.
 BACKGROUND
 
 3
 Carlson was hired by Kinney Shoe in 1979. He was promoted to assistant manager and eventually to store manager in 1981. He apparently performed his job well until 1986 when his left leg had to be amputated above the knee because of cancer. He returned to work as a "manager-in-hold" after a one-year leave of absence. As a manager-in-hold, he received the same base pay as a regular manager, but no sales commission or bonuses. When Kinney Shoe attempted to reclassify him as a "manager-in-waiting," he resigned and sued in California state court for breach of contract, wrongful discharge, negligent infliction of emotional distress, and fraud. Kinney Shoe removed the action to the federal district court which entered summary judgment against Carlson on all claims. Carlson appeals only the breach of contract and wrongful discharge claims.
 
 II.
 PUBLIC POLICY
 
 4
 On Kinney Shoe's summary judgment motion, the district court concluded that the complaint did not allege a cause of action for discharge in violation of public policy. Carlson argues that his complaint adequately does allege wrongful discharge in violation of public policy. His complaint is divided into two causes of action. The first cause alleges the existence of a verbal employment agreement and wrongful discharge. It makes no mention of discrimination for Carlson's handicap or an alleged violation of public policy.
 
 
 5
 The second cause alleges a fraudulent promise of continued employment post-injury at the same level as pre-injury (i.e. regular store manager), and that Carlson relied on this promise to his detriment. Like the first cause, the second cause makes no mention of an alleged violation of public policy and, except for the last paragraph, makes no mention of discrimination. The last paragraph states that Carlson filed a discrimination complaint with the Department of Fair Employment and Housing and that the complaint was rejected. Carlson attached the department's letter of rejection, not even the complaint itself.
 
 
 6
 An action for wrongful discharge in violation of public policy involves two considerations: whether a public policy exists and whether that policy was violated in the particular case. See generally Foley v. Interactive Data Corp., 47 Cal.3d 654, 665-71, 254 Cal.Rptr. 211, 214-18, 765 P.2d 373, 376-80 (1988); Pugh v. See's Candies, Inc., 116 Cal.App.3d 311, 322-24, 171 Cal.Rptr. 917, 922-24 (1981). Carlson's complaint did not allege a public policy or its violation. He did allege that Kinney Shoe intended to deprive him of the benefits of his former position, but did not allege that the reason for that intent was to discriminate against him because of his newly-acquired handicap.
 
 
 7
 We affirm the district court's holding that the complaint did not allege wrongful discharge in violation of public policy.
 
 
 8
 Carlson argues that even if the cause of action was not adequately stated, the court should not have disposed of the matter on summary judgment, but should have given him leave to amend. In the pre-trial hearings, Carlson steadfastly maintained that, although the complaint could have been framed in a more articulate manner, he believed it adequately stated a cause of action for violation of public policy. It very clearly did not.
 
 
 9
 The pre-trial order is replete with disputed facts and questions of law regarding only the breach of contract, negligent infliction of emotional distress, and fraud actions. The only suggestion of wrongful discharge in violation of public policy, however, is one paragraph reserving the question whether the cause of action is in the complaint, and a paragraph stating that Carlson contemplates amending the complaint to state the cause of action. Carlson's attorney explained at the pre-trial hearing that this paragraph was intended to preserve his right to amend in the event that Kinney Shoe brought a motion to dismiss the claim for wrongful discharge in violation of public policy.
 
 
 10
 The district court reminded the parties that the pre-trial order supersedes all prior pleadings and controls all subsequent proceedings. See Jauregui v. City of Glendale, 852 F.2d 1128, 1133-34 (9th Cir.1988); L & E Co. v. United States ex rel. Kaiser Gypsum Co., 351 F.2d 880, 882 (9th Cir.1965). The court also gave the parties about thirty days from the issuance of the pre-trial order in which to submit any desired motions.
 
 
 11
 Kinney Shoe did not bring a motion to dismiss the wrongful discharge action, apparently because it was confident that there was nothing to dismiss. Carlson did not move to amend. Carlson had ample opportunity to move to amend his complaint before the summary judgment motion. Carlson himself admitted in the pre-trial hearings that his complaint could have been framed better. And, the only mention of discrimination in that complaint was the rejection letter of his complaint to the Department of Fair Employment and Housing. The district court properly denied his motion to amend.
 
 II.
 Breach of Express or Implied Contract
 
 12
 Carlson asserts that when he was hired by Kinney Shoe, he was promised, essentially, that he would be terminated only for cause.[1] The only evidence for that assertion that he brings to the panel's attention is his own declaration at paragraph 2, which states:
 
 
 13
 When I joined the employment of Kinney Shoes in 1979, I was assured by both Larry Jacobs and Joe Stigmon that I would be duly promoted to the rank of an assistant manager, and, subsequently, to that of manager in the company if I met certain standards and passed various tests. I was also assured that the company takes care of its employees and that I would be retained by the company on an indefinite basis so long as I carried out the company's policiesin a competent and able manner.
 
 
 14
 The district court held that this declaration contradicted Carlson's earlier deposition testimony and, therefore, could not be used to raise a genuine issue for trial. See Radobenko v. Automated Equipment Corp., 520 F.2d 540, 544 (9th Cir.1975).
 
 
 15
 Even if we were to determine that the declaration does not contradict his earlier testimony, it still does not establish a genuine issue for trial for breach of an implied or express contract. Carlson was clearly an employee at will.
 
 
 16
 Carlson pointed to no evidence that corroborates his testimony about what he was told when he was hired. Three years after he was hired, Kinney Shoe included an employment-at-will provision in its employment manual and employment contracts. Although Carlson claims to have been unaware of the provisions, the fact is that he was responsible for hiring and firing employees for several years after the provisions were published.
 
 
 17
 We affirm.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kinney Shoe did not terminate Carlson. Nevertheless, he alleges that his resignation was forced by the company's failure to perform their promise to re-employ him at the level of a regular store manager after his operation